■ NEW DELHI TELEVISION LIMITED, Appellant, v NIELSEN HOLDINGS N.V. et al., Defendants, and THE NIELSEN COMPANY (US), LLC, et al., Respondents. [975 NYS2d 7]—

Order, Supreme Court, New York County (O. Peter Sherwood, J.), entered April 16, 2013, which, insofar as appealed from as limited by the briefs, granted defendants' motion to dismiss the amended complaint in its entirety as against the Nielsen Company (US), LLC, AC Nielsen Corporation, and AC Nielsen Company, LLC (Nielsen defendants), unanimously affirmed, without costs.

In this action commenced by plaintiff, a news network headquartered in India, against the Nielsen defendants, operators of a global marketing research firm that measures television ratings data, alleging that their joint venture, TAM Media Research Private Limited (TAM), which they created with defendants WPP PLC and Kantar Group, Ltd, fraudulently misrepresented or corrupted the data, the amended complaint was properly dismissed on the ground of forum non conveniens (see CPLR 327 [a]). Although the Nielsen defendants do not refute that they are New York corporations, plaintiff is located in India, the underlying events occurred in India, the evidence and the witnesses are located in India, and TAM, a necessary but unnamed party, is located in India (see Islamic Republic of Iran v Pahlavi, 62 NY2d 474, 479 [1984], cert denied 469 US 1108 [1985]; United States Aviation Underwriters v United States Fire Ins. Co., 134 AD2d 187, 190 [1st Dept 1987], affd 73 NY2d 723 [1988]). Additionally, plaintiff has not shown that India is an inadequate alternative forum (see id.).

As noted above, TAM is a necessary party that plaintiff failed to name as a defendant. Dismissal is also warranted on this basis (see CPLR 1001 [a]). TAM's conduct is at issue in every cause of action, and the amended complaint, which mentions TAM hundreds of times, alleges that TAM is defendants' joint venture (see Henshel v Held, 13 AD2d 771 [1st Dept 1961]).

Finally, the negligence claims were properly dismissed for failure to state a claim because the complaint fails to identify any duty defendants owed to plaintiff (see CPLR 3211 [a] [7]; Evans v 141 Condominium Corp., 258 AD2d 293, 295 [1st Dept 1999]).

We note that defendants have agreed to toll the statute of limitations for the period that this lawsuit was pending. Concur—Tom, J.P., Andrias, Friedman, Freedman and Clark, JJ.